# EXHIBIT "A"

# PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, Sep 16, 2026
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | NATIONAL RAILROAD PASSENGER CORPORATION |
| Case Number | 263040NO |
| Jurisdiction | DC |

| Inserts | | |
|---|---|---|
| | | |

Approved, SCAO | Original - Court / 1st copy - Defendant | 2nd copy - Plaintiff / 3rd copy - Return

| STATE OF MICHIGAN | SUMMONS | CASE NO. |
|---|---|---|
| JUDICIAL DISTRICT<br>30th JUDICIAL CIRCUIT<br>COUNTY | | 26 3040 NO<br>HON. WANDA M. STOKES |

Court address: 313 W. Kalamazoo Street, 1st Floor, Lansing, MI 48933

Court telephone no.: 517-483-6500

| Plaintiff's name, address, and telephone no. | | Defendant's name, address, and telephone no. |
|---|---|---|
| Rhonda Curtis<br>c/o 28411 Northwestern Highway<br>Suite 300<br>Southfield, MI 48034 | v | National Railroad Passenger Corporation d/b/a Amtrak<br>1240 S. Harrison Road<br>East Lansing, MI 48823 |
| **Plaintiff's attorney, bar no., address, and telephone no.**<br>Hass Merhi (P77251)<br>Buckfire Law Firm<br>28411 Northwestern Highway, Suite 300<br>Southfield, MI 48034<br>(248) 569-4646 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ ______________________ Court, where it was given case number ______________ and assigned to Judge ______________________

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| JUN 15 2026 | SEP 14 2026 | SETH GRUBER |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

Summons (3/23) Case No. 26 NO

## PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☐ I served ☐ personally ☐ by registered or certified mail, return receipt requested, and delivery restricted to the the addressee (copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Fee | |
|---|---|---|---|
| $ | | $ | |
| Incorrect address fee | Miles traveled | Fee | TOTAL FEE |
| $ | | $ | $ |

Signature

Name (type or print)

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

Attachments (if any) on Date and time .

Signature on behalf of

Name (type or print)

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

RONDA CURTIS,

Plaintiff,

v.

Case No. 26- 3040 -NO
Hon. HON. WANDA M. STOKES

NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK,

Defendant.

______________________________/

**HASS MERHI (P77251)**
BUCKFIRE LAW FIRM
Attorneys for Plaintiff
28411 Northwestern Highway, Ste. 300
Southfield, Michigan 48034
Phone (248) 569-4646
Fax (248) 569-6737
hass@buckfirelaw.com

______________________________/

There is no other pending or resolved civil action arising out of the transaction or occurrence as alleged in this Complaint.

______________________________
Hass Merhi (P77251)

## COMPLAINT

NOW COMES the Plaintiff, RONDA CURTIS, by and through her attorneys, BUCKFIRE LAW FIRM, and for her Complaint against the Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, states as follows:

1. The Plaintiff, RONDA CURTIS, is an individual residing in the City of Phoenix, County of Maricopa, State of Michigan.

2. The Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRACK ("AMTRACK"), is a federally chartered corporation that owns, operates, manages and controls passenger rail service throughout the United States, including the train involved in this incident and is authorized to do business in the State of Michigan and operating passenger rail service within the County of Ingham, State of Michigan.

3. The amount in controversy, exclusive of costs, interest and attorney fees is in excess of Twenty-Five Thousand ($25,000.00) Dollars and is otherwise within the jurisdiction of this Court.

4. That venue is proper in Ingham County pursuant to MCL 600.1621 and MCL 600.1627 because the incident giving rise to this action occurred in Ingham County, Michigan and Defendant conducts business within this County.

5. That Defendant, AMTRAK, is subject to suit for passenger personal injury claims and is not immune from liability for negligent operation of its trains.

6. That on or about June 30, 2023, Plaintiff was a fare-paying passenger aboard an Amtrak passenger train operating within Ingham County, Michigan.

7. At the time of the incident, the train, arriving at the station in Ingham County, had come to a stop at or near the station and Plaintiff was lawfully standing within the passenger area of the train.

8. Without warning and without ensuring passenger safety, the train suddenly and violently accelerated from a stop, causing Plaintiff to sustain serious bodily injury.

9. The movement was not gradual, ordinary or incidental to normal rail operation.

10. The start involved a forceful lurch or jolt that exceeded what a standing passenger could reasonably anticipate or brace against.

11. Defendant, AMTRAK, failed to provide any audible or visual warning prior to the sudden start.

12. At the time of the movement, Defendant should have known that passengers – including Plaintiff – would be standing and vulnerable to sudden forward acceleration.

**COUNT I – NEGLIGENCE**

13. Plaintiff incorporates paragraphs 1 through 12 as if fully set forth herein.

14. Defendant, AMTRAK, owed Plaintiff a duty to operate its train in a reasonably safe manner and to protect passengers from unreasonable risks of harm.

15. Defendant, AMTRAK, owed Plaintiff a duty of the highest practical care consistent with passenger rail operations.

16. Defendant, AMTRAK, breached that duty by suddenly and violently starting the train without warning, when a reasonably prudent common carrier would not have done so.

17. Defendant, AMTRAK, further breached its duty by one or more of the following acts and omissions:

a. Operating the train in a careless, reckless, or unsafe manner;

b. Suddenly and violently accelerating the train without warning while passengers were standing;

c. Failing to ensure that passengers were safely seated or otherwise secured prior to acceleration;

d. Failing to adequately train, supervise and monitor its engineers and crew;

e. Failing to implement and follow safe operating procedures;

f. Failing to warn passengers of impending movement of the train;

g. Failing to operate the train smoothly;

h. Failing to follow internal safety and operating rules;

i. Otherwise failing to exercise reasonable care under the circumstances.

18. The sudden and unexpected start was caused by negligent operation and control of the train, including but not limited to:

a. improper throttle or power application;

b. failure to follow standard operating procedures;

c. failure to ensure a smooth and controlled arrival;

d. failure of communication between crew members; and

e. failure to confirm that conditions were safe for arrival.

19. Defendant's negligence was a direct and proximate cause of Plaintiff's injuries and damages.

20. As a direct and proximate cause of the negligence of the Defendant, the Plaintiff, RONDA CURTIS, suffered and sustained severe personal injuries to her person and body and/or an aggravation of pre-existing conditions, including, but not limited to, a serious spinal cord injury, spinal instability, neurological impairment, loss of sensation and/or motor function, chronic pain and permanent disability and all of the sequalae and symptoms associated therewith.

21. That the negligence of the Defendant as aforesaid, has caused and will continue to cause the Plaintiff to suffer and sustain the following damages: physical pain and suffering, physical disability, incapacity and loss of function, denial of everyday social pleasures and enjoyments, diminished quality of life, mental anguish, emotional distress, fright and shock, embarrassment and humiliation and possible economic loss damages.

22. That as a result of Plaintiff's injuries as aforesaid, she has been compelled to seek medical treatment and will continue to do so in the future.

**COUNT II – RES IPSA LOQUITUR (IN THE ALTERNATIVE)**

23. Plaintiff incorporates paragraphs 1 through 22 as if fully set forth herein.

24. The sudden and violent acceleration of the train was an occurrence that does not ordinarily happen in the absence of negligence.

25. The train and its operation were under the exclusive control of Defendant, AMTRAK, and its agents and employees.

26. Plaintiff did not contribute to or cause the sudden and unexpected start.

27. The nature of the occurrence permits an inference of negligence under the doctrine of res ipsa loquitur.

WHEREFORE, Plaintiff, RONDA CURTIS, prays for judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars plus costs, interest and attorney fees and such other and further relief as shall be agreeable in equity and good conscience.

**COUNT III – NEGLIGENCE PER SE (IN THE ALTERNATIVE)**

28. Plaintiff incorporates paragraphs 1 through 27 as if fully set forth herein.

29. At all relevant times, Defendant, AMTRAK, and its employees were required to comply with applicable federal statutes, regulations, operating rules, safety standards and procedures governing the operation of passenger trains.

30. Defendant, AMTRAK, through its agents, servants and employees violated one or more applicable statutes, regulations, operating rules, safety requirements or mandatory operating procedures governing the safe movement and operation of passenger trains.

31. The statutes, regulations, rules and procedures were enacted and implemented for the protection and safety of passengers, including Plaintiff.

32. Plaintiff is a member of the class of persons intended to be protected by such statutes, regulations, rules and procedures.

33. The injuries sustained by Plaintiff are of type such statutes, regulations, rules and procedures were intended to prevent.

34. Defendant's violations constituted negligence per se and/or evidence of negligence under applicable law.

35. Defendant's violations were a direct and proximate cause of Plaintiff's injuries and damages.

WHEREFORE, Plaintiff, RONDA CURTIS, prays for judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars plus costs, interest and attorney fees and such other and further relief as shall be agreeable in equity and good conscience.

**COUNT IV – GROSS NEGLIGENCE/WILLFUL AND WANTON MISCONDUCT (IN THE ALTERNATIVE)**

36. Plaintiff incorporates paragraphs 1 through 35 as if fully set forth herein.

37. Defendant, AMTRAK, through its agents, servants and employees, knew or should have known that suddenly and violently accelerating a passenger train while passengers were standing created an unreasonable risk of serious bodily injury.

38. Despite such knowledge, Defendant's employees proceeded with conscious indifference to the safety of passengers, including Plaintiff.

39. Defendant's conduct demonstrated a substantial lack of concern for whether injury would result to passengers.

40. Upon information and belief, Defendant failed to follow established safety procedures, operating protocols and passenger protection measures despite knowledge of the risks associated with such failures.

41. Defendant's conduct constituted gross negligence and/or willful and wanton misconduct.

42. As a direct and proximate result of Defendant's gross negligence and/or willful and wanton misconduct, Plaintiff sustained the injuries and damages described herein.

WHEREFORE, Plaintiff, RONDA CURTIS, prays for judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars plus costs, interest and attorney fees and such other and further relief as shall be agreeable in equity and good conscience.

**COUNT V – BREACH OF CONTRACT**

43. Plaintiff incorporates paragraphs 1 through 42 as if fully set forth herein.

44. Prior to the incident, Plaintiff purchased a ticket from Defendant, AMTRAK, for transportation as a passenger aboard its train.

45. The ticket, together with Defendant's conditions of carriage and transportation agreement, constituted a valid and enforceable contract between Plaintiff and Defendant.

46. Pursuant to the contract, Defendant agreed to transport Plaintiff as a passenger and to provide such transportation in accordance with applicable safety standards and operating procedures.

47. Plaintiff fully performed her obligations under the contract, including payment of the required fee.

48. Defendant materially breached the contract by failing to transport Plaintiff in a reasonably safe manner and by failing to comply with the safety obligations and standards incorporated into the contract of carriage.

49. As a direct and proximate result of Defendant's breach of contract, Plaintiff sustained injuries and damages as described herein.

WHEREFORE, Plaintiff, RONDA CURTIS, prays for judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars plus costs, interest and attorney fees and such other and further relief as shall be agreeable in equity and good conscience.

## COUNT VI – RESPONDEAT SUPERIOR / VICARIOUS LIABILITY

50. Plaintiff incorporates paragraphs 1 through 49 as if fully set forth herein.

51. At all relevant times, the engineers, conductors, crew members, operators, employees, agents and servants responsible for the operation of the train were employees and/or agents of Defendant, AMTRAK.

52. Said employees and agents were acting within the course and scope of their employment and in furtherance of Defendant's business at the time of the occurrence described herein.

53. The negligent, reckless, grossly negligent and otherwise wrongful acts and omissions of Defendant's employees and agents are imputed to Defendant under the doctrine of respondeat superior.

54. Defendant is therefore vicariously liable for all injuries and damages sustained by Plaintiff as a result of the acts and omissions of its employees and agents.

WHEREFORE, Plaintiff, RONDA CURTIS, prays for judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars plus costs, interest and attorney fees and such other and further relief as shall be agreeable in equity and good conscience.

Respectfully submitted,

By:________________________

**HASS MERHI (P77251)**
BUCKFIRE LAW FIRM
Attorneys for Plaintiff
28411 Northwestern Highway, Ste. 300
Southfield, Michigan 48034
Phone (248) 569-4646
Fax (248) 569-6737
hass@buckfirelaw.com

DATED: June 9, 2026

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

RHONDA CURTIS,

Plaintiff,

v.

Case No. 26-3040-NO
Hon. HON. WANDA M. STOKES

NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK,

Defendant.

______________________________/

**HASS MERHI (P77251)**
BUCKFIRE LAW FIRM
Attorneys for Plaintiff
28411 Northwestern Highway, Ste. 300
Southfield, Michigan 48034
Phone (248) 569-4646
Fax (248) 569-6737
hass@buckfirelaw.com

______________________________/

**PLAINTIFF'S DEMAND FOR TRIAL BY JURY**

NOW COMES the Plaintiff, RHONDA CURTIS, by and through her attorneys, BUCKFIRE LAW FIRM, and hereby demands a trial by jury in the within cause of action.

Respectfully submitted,

By:______________________

**HASS MERHI (P77251)**
BUCKFIRE LAW FIRM
Attorneys for Plaintiff
28411 Northwestern Highway, Ste. 300
Southfield, Michigan 48034
Phone (248) 569-4646
Fax (248) 569-6737
hass@buckfirelaw.com

DATED: 6-9-2026